## SUFFICIENCY OF AVERMENTS WITH REFERENCE TO A COUNTER-CLAIM.

Court of Appeals for Hamilton County.

### THE MURDOCH COAL COMPANY v. STEARNS COAL & LUMBER COMPANY.

Decided, January 8, 1917.

*Pleading—Action on an Account—Defendant May Set up Cross-Claim —Alleging That Both His Claim and That of the Plaintiff Are Based on the Same Agreement.*

1. Demurrer does not lie to an answer and cross-petition which alleges that the account upon which the claim of the defendant is based arises out of an express contract which is really the subject of plaintiff's action, with which contract the claims of both the plaintiff and the defendant are connected.
2. Failure to allege that the contract which forms the basis of the action was for a definite period is immaterial, where it clearly appears that it was to remain in force until a certain specified date and that the grievances complained of occurred prior to that date.

*Healy, Ferris & McAvoy,* for plaintiff in error.
*Ernst, Cassatt & Cottle,* contra.

JONES (E. H.), P. J.

The question for decision here is one of pleading and can not be clearly stated without a complete copy of a lengthy answer and counter-claim upon which judgment is asked against plaintiff below, defendant in error here.

A demurrer was sustained below to the answer and cross-petition on the ground that it did not constitute a counter-claim. The court below held that the grievances set out in the answer do not arise "out of the contract or transaction set out in the petition as the foundation of plaintiff's claim," and are not "connected with the subject of the action."

Section 11317, General Code, defines a counter-claim thus:

"A counter-claim is a cause of action existing in favor of a defendant against a plaintiff or another defendant, or both, between whom a several judgment might be had in the action and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

The averments of the answer are taken as true for the purposes of this demurrer, and show that the account sued upon by plaintiff was for coal sold and delivered under the same contract which gives rise to the claim of defendant for damages.

The exact language of the cross-petition is:

"Defendant further states that the coal set forth in the account attached to plaintiff's petition was delivered to the defendant's customers and others solicited by the defendant through said agent, under the terms of the contract hereinbefore set forth."

Such an allegation in an alleged counter-claim may not authorize a court in holding that the defendant can thereby read anything into plaintiff's petition that would determine the nature or "subject of the action" to be other than as shown by the petition itself. But we are of the opinion that where the petition is on an account, a defendant who has a cross-claim or demand may plead by way of answer that both his claim and that of plaintiff rest upon and arise from one and the same agreement; that such agreement underlies and is the basis of all transactions between the parties.

Such, in substance, is the answer in this case, and in this view of the pleading the majority of the court is inclined to hold that that answer shows defendant's claim to be connected with the subject of the action and therefore a counter-claim within the meaning of the code.

We have little doubt about the correctness of the conclusion we have reached, but if there be doubt it should be resolved in favor of the view taken, for it has long been the fixed policy of our Legislature and our courts to avoid multiplicity of actions.

In *Needham* v. *Pratt*, 40 O. S., 190, the court say:

"The scope of the counter-claim, and the liberal provisions for joinder of actions, and indeed the entire spirit of the practice

act, show that one of its great objects was to enable and require parties, as far as practicable, to submit all their controversies for adjustment in a single action.''

If the positions of the parties here were reversed and the Murdoch Company as plaintiff had filed a petition for damages, setting forth the same cause of action in the same manner as in its cross-petition contained; and if a cross-petition had been filed by the Stearns Company for coal sold and delivered, with a statement to the same effect as the one above quoted from the answer in this case. namely, that the coal set forth in the account was delivered under the terms of the contract upon which plaintiff's claim was founded, the situation would be practically the same as under the present pleadings. Under such circumstances we fail to see how any question could be seriously raised as to the soundness of the counter-claim or its compliance with the requirement of the code that it must arise ''out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action.'' In such case both these requisites would be fully met.

The confusion and doubt in the present case arises out of the fact that the action is commenced by the party holding the account. But the answer alleges that the account is based upon and arises out of an express contract which is really ''the subject of the action'' and with which both the claim of plaintiff and that of the defendant are connected. As a matter of pleading, this is sufficient, and the demurrer was erroneously sustained.

The point is made in oral argument by counsel for defendant in error that the answer does not allege that either the contract with the agent or that between the parties was for any definite time and for that reason no cause of action is stated in the cross-petition. It is true that the answer contains no statement as to how long these contracts were to run. It does clearly show, however, that they were to remain in force until on and after April 1st, 1915. As all of the grievances complained of in the counter-claim of defendant occurred before this date, and as the contract according to the same pleading had been broken and repudiated, the agent seduced and the benefits of his labors secured by plaint-

iff before said date, the exact duration of the contract is unimportant and statement thereof unnecessary.

The judgment will be reversed and cause remanded for further proceedings.

JONES (Oliver B.), J., concurs; GORMAN, J., dissents.


GORMAN, J., dissenting.

I find myself unable to agree with my associates in the conclusion reached that the cross-petition sets up a good counter-claim in favor of the defendant against the plaintiff.

The averments of the cross-petition purporting to set up a counter-claim disclose that the nature of the cause of action, if any the defendant has against the plaintiff, is one in tort arising out of the wrongful conduct of the plaintiff in enticing away the agent of the defendant. The cross-petition fails to aver that the agent was under contract with the defendant for any definite period of time. In order to create a liability against the plaintiff for enticing away the defendant's servant it would be necessary to allege that the servant was under contract to remain with the defendant and that the plaintiff by enticing him away induced him to violate his contract with the defendant. The averments of the cross-petition, therefore, fail to disclose any ground for a recovery by the defendant against the plaintiff.

Furthermore, it is claimed that the enticing away of the servant is in some way connected with the contract between the parties to this action whereby defendant was to act as a selling agent of the plaintiff for the plaintiff's coal and was to secure orders for plaintiff's coal through its agents and employees, of whom the agent enticed away was one. But there is no averment in the cross-petition or alleged counter-claim which discloses that the contract between the parties to this action was in existence or in force at the time that the defendant's agent was enticed away by the plaintiff. Manifestly, if the agreement between the parties to this action was not in force at the time the agent was enticed away from the defendant, and if the defendant had no contract between it and its agent for a definite time when the agent was enticed away, no cause of action was stated in

favor of the defendant against the plaintiff. And if no cause of action was stated in the cross-petition against the defendant, the defendant has not set up a counter-claim; because it is one of the essential elements of a counter-claim that there must exist a cause of action in favor of the defendant against the plaintiff. If the averments of the cross-petition fail to disclose a cause of action, then it fails to show a counter-claim.

I am further of the opinion that if the cross-petition set out facts sufficient to show a cause of action against the plaintiff for enticing away the defendant's servant, nevertheless that cause of action is in no way connected with the subject of the action set out in the plaintiff's petition. That cause of action was to recover for coal on an account which was based upon a contract between the parties. Nor does the alleged cause of action purported to be set out in the cross-petition arise out of this contract between the parties for the sale of the coal, nor is it connected with the transaction of the sale of the coal. The claim which the defendant undertakes to set up against the plaintiff is one purely in tort and not in contract, as was well said in *Williams* v. *Lederer*, 18 C.C.(N.S.), 515 (1st paragraph of the syllabus):

"In an action on an account for goods sold and delivered, the defendant can not set up as a counter-claim a cause of action in tort growing out of the sending of a letter by plaintiff's attorney to defendant's employer, whereby the defendant lost his job."

To my mind this decision and the authorities which support it cited by the court, show conclusively that the defendant had neither a cause of action against the plaintiff which could be set up as a counter-claim, nor is there a cause of action stated in the alleged counter-claim. For these reasons I hold that the judgment of the court below sustaining the demurrer should be affirmed.